UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KATHRYN A KUTZ, et al.,

   Plaintiffs,

   v.

JAYCO, INC.,

   Defendant.

Case No. 3:20-CV-281 JD

**OPINION AND ORDER**

Kathryn and Timothy Kutz ("the Kutzes") purchased a recreational vehicle ("RV") manufactured by Jayco, Inc. in 2019 and subsequently had to cope with numerous defects in the RV. The RV seems to have suffered from some 64 defects at one point or another, and the Kutzes sought to remedy these defects pursuant to the limited warranty issued by Jayco. After several attempts to utilize the Jayco repair processes, the Kutzes sought to obtain relief through litigation. Jayco subsequently moved for summary judgment. (DE 37). For the reasons below, the Court will grant summary judgment to Jayco.

**A. Factual Background**

The Kutzes purchased their RV from the National Indoor RV Center ("NIRVC") in Phoenix, Arizona, on July 31, 2019. (DE 39-1 at 9:3–6). The RV was covered by a Limited Warranty issued by the manufacturer, Jayco. (DE 39-4.) However, Jayco was not a party to the purchase agreement between the Kutzes and the NIRVC. (DE 43 at 8–9 ¶¶ 6, 9.)[1] The Warranty

---

[1] The Court will make use of the Plaintiffs' Response to the Statement of Material Facts for citing undisputed facts. These citations will refer to the document (DE 43), the respective page number, and the relevant paragraph number. The Court notes that Plaintiffs' response to each paragraph uses the same number as each

did not extend to any material, component, system or parts that were warranted by another entity. (DE 39-4 at 10.) The primary remedy under the Warranty is for the buyer to contact Jayco or an authorized dealer for repairs. (*Id.* at 9.) The Warranty also contains a backup remedy requiring that the buyer have Jayco pay an independent service shop of the buyer's choice to perform repairs or for Jayco to pay diminished value damages if the defect was incurable. (*Id.* at 10.)

While the Kutzes purchased their RV on July 31, 2019, they did not take possession of the RV until August 6 of that year as there were issues which needed to be repaired. (DE 39-1 at 14:24–15:5.) After taking delivery of the RV, the Kutzes brought it in for repairs on three subsequent occasions for a host of different issues. The first occasion was the Kutzes taking the RV to Jayco's Factor Service Center on August 20, 2019, for some 27 issues to be repaired.[2] (DE 43 at 8–9 ¶19). The Kutzes then picked up the RV on September 6, 2019. (*Id.* at 9 ¶ 20.) The second occasion was the Kutzes taking the RV to the NIRVC on January 20, 2020, for repair of 13 issues. (*Id.* at 9–10 ¶ 21.) The Kutzes retrieved the RV on January 27, 2020, before some of the requested repairs had been completed and took it on a short trip. (*Id.* at 11–12 ¶ 24.)

As to the third occasion, the Kutzes returned the RV to the NIRVC on February 6, 2020, to complete the repairs requested on January 20 and requested the repair of 6 additional issues. (*Id.* at 12 ¶ 25.) The Kutzes then picked up their RV for the final time on August 6, 2020. (*Id.* at 12 ¶ 26). During this final repair visit, on April 1, 2020, the Kutzes filed this lawsuit. (*Id.* at 13 ¶ 28). Slightly later during this final visit, on May 12, 2020, the Kutzes' attorney sent a letter to the

---

paragraph (E.g. "25. The sky is blue. 25. **Response**: Admit"). Unless otherwise specified, the Court's reference should be read as incorporating both the factual assertion and the response paragraph.

[2] The Court finds there is no need to recite the individual defects addressed by each repair visit in this order.

NIRVC instructing them to cease work on the RV as it had become evidence in the instant litigation. (DE 45-1 at 6–7.)

The Kutzes allege that the RV suffered from 65 defects covered by the warranty and that were presented to Jayco for repair during the warranty period. (DE 43 at 29–34 ¶85) (table outlining claimed warranty defects and repair attempts). The argue that based on Jayco's deficient performance in repairing 64 of those defects, Jayco has breached the terms of the Limited Warranty and the implied warranty of merchantability.[3]

### B. Legal Standard

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether genuine issues of material fact exist, the Court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255, 106 S.Ct. 2505. Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). On summary judgment, the Court must not weigh the evidence presented or determine credibility of witnesses; the Seventh Circuit instructs that we leave those tasks to factfinders. *Berry v.*

---

[3] The Kutzes indicate they are not seeking recovery for defect 10, "Did not receive spartan flash drive" (DE 43 at 30 ¶ 85.)

*Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). Even if the facts are undisputed, summary judgment will not be entered unless the facts show the movant is entitled to judgment as a matter of law. *See Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 602 (7th Cir. 2015); *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 398 (7th Cir. 1995).

### C. Discussion

The Kutzes have brought three claims against Jayco due to the alleged defects in their RV, a breach of express warranty claim, a breach of implied warranty claim, and a claim under the federal Magnuson-Moss Warranty Act. Jayco has moved for summary judgment on all three claims. The Court will address each claim in turn.

#### *(1) Breach of Express Warranty*

To prevail on a breach of warranty claim under Indiana law[4] a plaintiff must prove four elements: "(1) the existence of a warranty, (2) a breach, (3) causation, and (4) damages." *Matthews v. REV Recreation Grp., Inc.*, 931 F.3d 619, 622 (7th Cir. 2019) (internal citation omitted). The parties only dispute the second element, and the Court will limit its analysis accordingly. The Kutzes present two theories of how Jayco breached the express warranty. First, that the defects with the RV were not repaired within a reasonable number of attempts. Second, that the defects were not repaired within a reasonable amount of time. The Court finds neither has merit and Jayco is entitled to summary judgment.

---

[4] The Limited Warranty for the RV contains a choice of law provision designating Indiana law as governing any warranty disputes. The parties agree that Indiana law applies to the express warranty claims. (DE 39-4 at 14.)

4

The Court begins with the Kutzes' first theory of breach, that Jayco did not repair defects within a reasonable number of attempts. Under Indiana law, the purchaser must give the warrantor a reasonable opportunity to repair the defects before bringing a breach of warranty claim. *Zylstra v. DRV, LLC*, 8 F.4th 597, 601 (7th Cir. 2021) (citing *Matthews*, 931 F.3d at 622). A "reasonable opportunity" to repair defects constitutes at least three chances for the warrantor to repair the defect. *Id.* at 603 (internal citations omitted).

The Kutzes allege some 65 defects were present in their RV and presented for repair during the warranty period. (DE 43 at 29–34 ¶ 85.) They do not however, allege that any single defect was presented for repair on more than two occasions.[5] (*Id.*) This decides the case. Because the Kutzes have not presented any given defect for repair on more than two occasions they have not provided Jayco with a reasonable opportunity for repair under Indiana law. *Zylstra*, 8 F.4th at 602.

The Kutzes' briefing repeatedly mentions that *the RV itself* was in repair shops on four occasions.[6] This legal sleight of hand cannot salvage their case. The law is unambiguous that *the defect* must be presented for repair at least three times. *Zylstra*, 8 F.4th at 603 (citing *Matthews*, 931 F.3d at 623) (clearly framing the inquiry as turning on the number of times a defect was presented).[7] The Kutzes own table listing the defects concedes that *none* of the defects

---

[5] There is no reason to restate the list here or perform further analysis on individual defects. Therefore, in the interest of brevity, the Court will simply incorporate by reference the table of alleged defects contained within the Kutzes' briefing. The Court notes the parties dispute whether some defects were covered by the express warranty, but does not need to address that question given none had a reasonable opportunity for repair (*See* DE 39 at 11–17, DE 43 at 20.)

[6] The Kutzes' brief also argues that their expert, Tom Bailey, concluded Jayco had a reasonable opportunity to repair all the defects and the Court should accordingly deny the summary judgment motion. (DE 42 at 6.) This argument is manifestly unpersuasive. Mr. Bailey cannot stand in for binding decisions of the Seventh Circuit in determining what a reasonable opportunity is under the law.

[7] The Kutzes' briefing cites no authority suggesting that the number of times the RV happened to be in for repairs should be the metric for evaluating reasonable opportunity.

5

underlying their lawsuit were presented for repair more than twice. The Kutzes accordingly have no colorable claim for breach under this theory.

The Kutzes also alleged breach under the alternative theory that the repairs took an unreasonably long time. The opportunity to repair requirement has been interpreted to require repairs to be completed within a reasonable amount of time as well as a reasonable number of attempts. *See Pegg v. Nexus RVs LLC*, 2019 WL 2772444, *7 (N.D. Ind. July 2, 2019); *see also Zylstra*, 8 F.4th at 602 (considering the number of days out of service in the reasonable opportunity analysis). The Kutzes argue that none of the alleged defects, even those ultimately repaired, were fixed within a reasonable amount of time and therefore Jayco has still breached the Warranty.

The Kutzes argue the RV was out of service for approximately 220 days.[8] First, at the NIRVC from July 31, 2019, to August 6, 2019 (7 days). Second, the Jayco Factory from August 15, 2019, to September 6, 2019 (23 days). Third, at the NIRVC from January 20, 2020, to January 27, 2020 (8 days). Fourth, at NIRVC from February 6, 2020, to August 6, 2020 (183 days) (221 days total).

In *Zylstra*, the Seventh Circuit held that calculating the time an RV is out of service will normally be a fact intensive inquiry given that "unlike an automobile, many RVs spend the majority of their time in storage" and there is accordingly not a presumption that the RV owners expect a quick turnaround or need the vehicle for employment and daily living. *Zylstra*, 8 F.4th

---

[8] The Plaintiff's math appears to be off by a day. Counting each of these spans by excluding the last day totals 217 days. Conversely including the last day, adds up to 221 days. Jayco's calculation of this total is also slightly different, with a total of 218 days by including the last day of each period but adjusting the spans of two periods by a day. i.e., beginning the first span on August 1, 2019, instead of July 31, 2019, and concluding the third span on January 26, 2020, instead of January 27, 2020. The Court, in construing the available evidence in a light most favorable to the Kutzes, will include the final day of the period in its count and use the slightly longer ranges they proffered.

at 606–07. In this case, however, the calculus is relatively straightforward as the Kutzes caused a considerable portion of the alleged delay themselves in their efforts to advance this litigation. Remember, the Kutzes claim their RV was out of service for repairs from February 6, 2020, to August 6, 2020. What the Kutzes do not mention however is that on May 12, 2020, they sent a letter to NIRVC ordering the facility to stop working on the RV as it had become evidence in this case. (DE 45-1 at 6–7.) Jayco argues that this time should not count towards the out of service calculation because the Kutzes caused this delay themselves. The Court agrees, the Kutzes are not allowed to claim unreasonable delay when they are the ones responsible for the work stoppage. Allowing plaintiffs to do so would turn the entire purpose of the reasonable time requirement on its head.

Consequently, the fourth repair period only goes from February 6, 2020, to May 12, 2020. Thus, this fourth period was 97 days out of service at the most.[9] This reduces the total days out of service to a total of 134. This total is well within the 153-day period which the *Zylstra* Court held to be a reasonable period for resolving fewer defects. *Zylstra*, 8 F.4th at 603, (considering 29 defects in discussing the warranty claim), 606–09 (calculating a total of 153 days out of service); *see also Massey v. Nexus RVs, LLC*, 2023 WL 4861979, *6–*7 (N.D. Ind. June 30, 2023) (finding no reasonable jury could conclude 43 days to repair 29 issues was an unreasonable delay); *Tinnermon v. REV Recreation Group, Inc.*, 2023 WL 2765414, *10 (N.D. Ind. Feb. 3, 2023) (finding that evidence showing an RV was out of service for over 200 days for repair of 57 defects could let a reasonable jury conclude the defects were not repaired within a reasonable time).

---

[9] Jayco views this period as 95 days, beginning on February 7, 2020, and presumably not counting the last day. (DE 44 at 10.) Counting in a manner most favorable to the Kutzes, starting on February 6, and including the last day raises it to 97. In either case, the Kutzes claim still falls legally short.

7

The Court has previously recognized this 153-day mark is not a bright line rule. *Pattee v. Nexus RVs LLC,* 2022 WL 834330, at *13 (N.D. Ind. Mar. 21, 2022) (applying *Zylstra* in a similar situation to find an out of service time of less than 153 days was not an unreasonable delay). Nonetheless, this marker is useful guidance which the Court finds applicable here. Both this case and *Zylstra* involve the similar facts of a dispute between the RV owner and its manufacturer over multiple issues with the RV and feature numerous visits to repair shops within the first year of ownership. *See Zylstra*, 8 F.4th at 509–601. The factual similarity between these cases leads the Court to conclude the same outcome is appropriate. Further, in *Zylstra* the 29 defects at issue ended up requiring some 153 days out of service to repair which the Seventh Circuit found to be reasonable. In this case, the manufacturer addressed over double the number of defects in at least 19 fewer days. This distinction clearly disfavors the Kutzes and they have not articulated a reason why Jayco was deficient for repairing more defects in less time than the manufacturer in *Zylstra* whose performance was reasonable.

The Court would also note that, like *Pattee*, this 134-day period is likely an overestimate given some of these repair trips involved non-warranty service and non-warranty repair work time does not count as time out of service. 2022 WL 834330 at *13 (citing *Zylstra*, 8 F.4th at 607). But, as the outcome of this case is already clear from a 134-day out of service period, the Court sees no reason for the additional analysis of parsing out which of the 134 days were devoted to warranty repairs and which weren't.[10]

Therefore, the Kutzes have not established a breach of express warranty because Jayco never had a reasonable opportunity to repair the defects with the RV and Jayco did not take an

---

[10] Likewise, the Court also notes that further deductions might be merited based on Jayco's argument that the Kutzes consented to some delays and some delays were due to supply chain problems and not Jayco's malingering. Again, based on the legally clear outcome of this case there is no need for exploring these questions.

unreasonable amount of time to repair any defects. Given this holding the Court has no need to advance to Jayco's alternative argument that the Kutzes failed to exhaust the backup remedy.

### (2) Breach of Implied Warranty

For the same reasons as the express warranty claim, the implied warranty claim will fail as well. The Seventh Circuit has held that implied warranties under Indiana law also require that the buyer must grant the warrantor a reasonable opportunity to cure any alleged defect. *Zylstra*, 8 F.4th at 609 (internal citation omitted). The standard is the same for both express and implied warranty claims. *Id.*; *see also Massey*, 2023 WL 4861979 at *7 (citing *Zylstra*). Thus, the failure to satisfy that requirement for the express warranty claim dooms the Kutzes' implied warranty claim as well.

In reaching this conclusion, the Court forgoes the need to address Jayco's argument that Arizona law should be applied to any implied warranty. Applying Arizona law would reach the same conclusion of granting summary judgment to Jayco. This is because under Arizona law there would be no implied warranty due to the lack of privity between the Kutzes and Jayco. *Flory v. Silvercrest Indus. Inc.*, 633 P.2d 383, 387–88 (Ariz. 1981) (holding privity is a requirement for an implied warranty claim).

### (3) Magnuson-Moss Warranty Act

The Magnuson-Moss Act "does not provide an independent basis for liability, rather it only provides for federal jurisdiction for some state claims." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). A claim under the Magnuson-Moss Act rises and falls with the

9

underlying state law claim. *Id.* As set forth above, the Court grants summary judgment for Jayco on the underlying state law claims and must follow suit on the federal law claims.

### D. Conclusion

For these reasons, Jayco's motion for summary judgment is GRANTED (DE 37) and the Kutzes' claims are DISMISSED. As there remains a pending motion in this case for setting expert witness fees, the Court will DEFER CLOSING this case until that motion has been resolved.

SO ORDERED.

ENTERED: September 7, 2023

/s/ JON E. DEGUILIO
Judge
United States District Court